**Alexandria**

RICHARD DODD GAJAN

v.

BRADLICK COMPANY, INC., et al.

No. 0282-86-4

Decided May 5, 1987

COUNSEL

J. Hunt Brasfield (Ashcraft & Gerel, on brief), for appellant.

Christopher P. Schewe (J. E. Wingfield, Wingfield & Schwartz, on brief), for appellee.

OPINION

**COLEMAN, J.** — Richard Dodd Gajan appeals an Industrial Commission decision which held that the value of health and hospitalization insurance paid by the employer should not be considered in computing his average weekly wage. The commission based its ruling upon a finding that the premiums were not paid by the employer "in lieu of wages" to the employee as required by Code § 65.1-6. We agree with the commission and affirm its decision.

Gajan was injured in an industrial accident in August 1984. Based upon a memorandum of agreement approved by the commission, the award required Bradlick Company and its insurer to pay total incapacity benefits of $295 per week for almost one year until Gajan returned to his pre-injury work. Gajan's benefits were computed on an average weekly wage of $647.62. When Gajan returned to work the parties executed an agreed statement of fact terminating the award. The agreement stated that the average weekly wage was to be determined.[1] At the hearing Gajan sought to amend the average weekly wage to include the value paid by his employer to an insurer for health and hospitalization insurance premiums.

Gajan testified that when he interviewed for the job, he indicated to Mr. Dulany, the manager, that he would not accept the job unless the company provided 100% coverage for health and hospitalization insurance. Bradlick Company normally paid 50% of married employees' insurance premiums, and Gajan was married. The company paid 100% of the premiums for single employ-

---

[1] Insofar as the record reflects, the agreed statement of fact terminated the award but also submitted to the commission the determination of the average weekly wage even though the amount had been earlier agreed upon and incorporated in the award. The finality of the prior determination of average weekly wage was not challenged before the commission and is not before us on appeal.

ees. Because Bradlick Company needed Gajan's expertise as a front-line mechanic, they agreed to pay 100% of his insurance premiums. Gajan contends that the insurance premiums should be considered as part of his weekly wage because he specifically negotiated for the additional benefits as a part of his employment contract. He asserts that since the employer agreed to pay a greater portion of the insurance premiums for him than it did for other like employees, these benefits should be treated as additional wages. Mr. Dulany testified that the insurance premiums were not paid in lieu of wages. Dulany indicated he had no authority to negotiate wages, and such an arrangement would have been inconsistent with company policy.

In an analogous case involving the Longshoremen and Harbor Workers' Compensation Act, the Supreme Court held employer contributions to union trust funds for health and welfare, pensions, and training were not wages for the purpose of calculating benefits under the Act. *Morrison-Knudsen Construction Co. v. Director, Office of Worker's Compensation Programs*, 461 U.S. 624 (1983). In reaching that decision, the Supreme Court considered the plain language of the Act and reasoned that in spite of the trend toward offering more fringe benefits, Congress never amended the definition of wages to include fringe benefits. *Id.* at 632-33. The Court, in reaching this result, gave deference to a long standing administrative interpretation by the Department of Labor. *Id.* at 634-35.

Similarly, we find that the plain, unambiguous language of our Workers' Compensation Act and the Industrial Commission's prior interpretation of the Act, which has not been overruled by the General Assembly, support the conclusion that the insurance premiums paid for Gajan were neither wages or allowances made to an employee nor payments in lieu of wages for the purpose of calculating the average weekly wage under the Act.

 Code § 65.1-6 provides in part:

> Whenever allowances of any character made to an employee in lieu of wages are a specified part of the wage contract, they shall be deemed a part of his earnings.

The dispositive issue is whether payments made to a third party to secure fringe benefits for an employee which were specifically bargained for, constitute allowances made to an employee in lieu of wages. The Industrial Commission has consistently interpreted the provision of Code § 65.1-6 not to include the value of insurance premiums for pension or health benefits paid directly to insurance companies on behalf of the employees, *Hillyard v. Giant Food, Inc.*, 60 O.I.C. 206 (1981); *Boggs v. Equitable Construction Co.*, 59 O.I.C. 23 (1980), *aff'd*, 60 O.I.C. 45 (1981); *Beauchamp v. Cummins & Hart*, 59 O.I.C. 16 (1980), and their interpretation of the Act is entitled to great weight on appeal. *Meade v. Clinchfield Coal Co.*, 215 Va. 18, 19, 205 S.E.2d 410, 411 (1974); *City of Waynesboro v. Harter*, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). Payments to third parties made to secure fringe benefits to an employee are not payments made to an employee in lieu of wages. Fringe benefits or premiums made to secure them differ in character and purpose from direct payments made to employees to compensate them, directly or indirectly, for some aspect of work or to reimburse them for work related expenses. *See Harless v. Rutherford Freight Lines, Inc.*, 22 O.I.C. 119 (1940); *Church v. Motor Freight Corp.*, 18 O.I.C. 3 (1936). Accordingly, we hold that payments made other than to the employee to secure fringe benefits for the employee are not "allowances . . . in lieu of wages" for purposes of computing average weekly wage.

Gajan attempts to distinguish his case from *Hillyard, Boggs*, and *Beauchamp* by showing that he specifically bargained for the inclusion of the 100% payment of his medical insurance in his employment package. He asks us to rule that even if premiums paid to third parties to purchase fringe benefits for employees are not included in the "earnings-average weekly wage" formula, nevertheless, the payments made for him in this instance were expressly bargained for in lieu of wages and should be included. Accepting the contention that Gajan required Bradlick Company to pay 100% of his insurance premiums as a condition to taking the job, the outcome remains unchanged. The plain language of the statute requires that Gajan prove not only that the allowance was a specific part of the wage contract, but that it was also in lieu of wages. Gajan proved merely that the payments were a condition precedent to accepting employment. Gajan does not come within the exception he urges upon us because the enhanced fringe benefits were not paid "in lieu of wages." As a condition to his ac-

cepting employment, Gajan simply bargained for his employer to pay a greater part of his health and hospitalization insurance premiums than was paid on behalf of other employees. Gajan did not bargain for the greater insurance coverage instead of a higher wage. In fact, Mr. Dulany stated that the insurance issue did not affect wage negotiations at all. The company agreed to pay Gajan a higher wage rate than that paid to other mechanics because of his expertise. There is no evidence that Gajan would have received an even higher wage had he not received 100% insurance coverage and no evidence that a higher wage was a consideration in the insurance negotiations.

While the Workers' Compensation Act is to be liberally construed for the employee's benefit, *Department of Highways v. Williams*, 1 Va. App. 349, 354, 338 S.E.2d 660, 664 (1986), that policy does not authorize the amendment, alteration or extension of its provisions beyond its obvious meaning. *Baggett Transportation Co. v. Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). This court will not judicially legislate what would amount to a large increase in compensation costs never contemplated by employers, carriers or the legislature. Had the legislature intended that payments made to third parties on behalf of employees for the purpose of securing fringe benefits be considered earnings, it could have so stated. If the definition of average weekly wage is to be broadened to include the value of fringe benefits, it is a function of the legislature, not the judiciary. Accordingly, the judgment of the Industrial Commission is affirmed.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.