Juanita Johnson POLLARD,
Plaintiff/Appellee,

v.

KNOX COUNTY, Tennessee,
Defendant/Appellant.

Supreme Court of Tennessee,
at Knoxville.

Oct. 10, 1994.

Lynn Bergwerk, Farmer & Bergwerk, Knoxville, for appellee.

Michael W. Moyers, Sr. Deputy Knox County Law Director, Knoxville, for appellant.

## OPINION

O'BRIEN, Chief Justice.

█ In this workers' compensation case, the defendant-employer, Knox County, appeals the chancery court judgment in which the chancellor concluded the plaintiff's "average weekly wage" included the sums paid by her employer as a contribution to the Health Care Insurance Plan which covered county employees, including the plaintiff. The chancellor awarded disability benefits accordingly. We now reverse the judgment of the trial court.

Juanita Johnson Pollard suffered injuries and residual disability on 10 July 1990, in the course and scope of her employment. As an employee of Knox County, Ms. Pollard had the option of electing coverage under the county's health insurance program. She elected to receive health insurance benefits provided by the county and the employer paid a portion of the health insurance premium on her behalf. The remaining portion of the premium was deducted automatically from her paycheck. The county contributed $31.62 per week for payment of the employee's coverage. The trial court included the county's contribution to the capitulation of the employee's weekly wage in the following language:

> As to the average weekly wage, I think as defined by the TCA as benefits from which the employee recognizes an economic gain without the legislature having limited that to the taxable gain, that I will find that she is entitled as part of the average weekly wage to that amount contributed by the employer for the health benefits ...

T.C.A. § 50–6–102(a)(1)(A) defines average weekly wage in the following terms: "Average weekly wages" means the earnings of the injured employee in the employment in which the injured employee was working at the time of the injury ...

Subsection (D) of the Code Section provides: Wherever allowance of any character

made to any employee in lieu of wages are specified as part of the wage contract, they shall be deemed a part of such employee's earnings.

The phraseology used by the trial judge in making the award does not come from the Tennessee Code. It is contained in a citation from 2 Larson, Workers' Compensation Law, Sec. 60.12 cited by Justice Robert Cooper in *PNL Construction Co., Inc. v. Lankford,* 559 S.W.2d 793 (Tenn.1978), as follows: "The earnings of an employee include anything received by him under the terms of his employment contract from which he realizes economic gain." It was said in dictum in a case in which an owner/employee received no salary. The court ruled that T.C.A. § 50–902(c) [T.C.A. § 50–6–102(a)(1)(c)] was the measure by which the owner/employee's earnings should be calculated. The entire citation from Larson's is as follows:

> In computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but anything of value received as consideration for the work as for example, tips, bonuses, commissions and room and board, constituting real economic gains to the employee.[1]

It is pertinent to note that the Larson treatise indicates that a majority of the jurisdictions which have considered the issue propounded by the employee in this case have ruled to the contrary. Sec. 60.12(b) (1993), in his latest revision, contains a strong statement on the subject:

> Workers' compensation has been enforced in the United States for over 70 years, and fringe benefits have been a common feature of American industrial life for most of that period. Millions of compensation benefits have been paid during this time. Whether paid voluntarily or in contested and adjudicated cases, they have always begun with a wage basis calculation that made "wage" mean the "wages" that the worker lives on and not miscellaneous "values" that may or may not some day have a value to him depending on a number of uncontrollable contingencies....

When the Tennessee Workers' Compensation Act was passed in the year 1919, code section 50–6–102(a)(1)(D) contained precisely the same language it contains today. The employee would have us construe subsection (D) so as to include the employer's financial contribution to her health insurance package in the calculation of her average weekly wage. In considering the plain language of the Act, the Legislature has never, in more than a dozen times in which it has amended the statute, changed the definition of wages to include fringe benefits. See *Morrison–Knudsen Construction Co. v. Director, Office of Workers' Compensation Programs,* 461 U.S. 624, 103 S.Ct. 2045, 76 L.Ed.2d 194 (1983).

While the Workers' Compensation Act is to be liberally construed for the employee's benefit, that policy does not authorize the amendment, alteration or extension of its provisions beyond its obvious meaning. *Gajan v. Bradlick Co., Inc.,* 4 Va.App. 213, 355 S.E.2d 899 (1987).

It would be inappropriate for this Court to judicially legislate what would amount to a large increase in compensation costs never contemplated by employers, carriers or the Legislature. Had the Legislature intended the payments made to third parties on behalf of employees for the purpose of securing fringe benefits be considered earnings, it could have so stated. If the definition of average weekly wage is to be broadening to include the value of fringe benefits it is a function of the Legislature, not the Judiciary. See *Gajan v. Bradlick,* supra.

The judgment of the trial court is reversed. The cause is remanded to the trial court for such other and further proceedings as may be required in accordance with this opinion. Costs are assessed against the appellee.

DROWOTA, ANDERSON, REID and BIRCH, JJ., concur.

---

1. A review of the text makes it plain that this is the author's analysis from a series of cases from various states, none of which are pertinent to the issue before us.