COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Bray and Annunziata


RICHARD G. BROSCHINSKI

v.   Record No. 0651-95-3                    MEMORANDUM OPINION*
                                                  PER CURIAM
ALCOA BUILDING PRODUCTS                    SEPTEMBER 19, 1995
AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (A. Thomas Lane, Jr., on brief), for appellant.

                  (J. David Griffin; Fowler, Griffin, Coyne & Coyne, on
                  brief), for appellees.


        The sole issue raised on appeal by Richard G. Broschinski

(claimant) is that the Workers' Compensation Commission erred in

refusing to consider the June 9, 1994 letter of Richard D.

Kolodner, a licensed professional counselor, on the ground that

the letter does not qualify as a "medical report" under the

Workers' Compensation Act ("the Act").  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        In holding that Kolodner's opinion was not persuasive on the

issue of disability, the commission found as follows:
                  The claimant principally relies on a letter
                  of June 9, 1994, from . . . Kolodner,
                  licensed professional counselor.  However,
                  this cannot be considered as a medical
                  report.  <u>Neff v. Houff Transfer, Inc.</u>, VWC

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> File No. 165-33-84 (January 31, 1995).
> Kolodner is not a physician, and it does not
> appear that he has any type of professional
> graduate degree. Neither do we find any
> evidence that his opinion has been
> incorporated by any treating physician.

The commission's construction of the Act is entitled to great weight on appeal. City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

The term "medical report" is not defined in Code § 65.2-603 to include reports of licensed professional counselors. If the general assembly intended that the reports of licensed professional counselors be considered as medical reports it could have specifically provided for such. It did so for chiropractor's treatment reports. See Code § 65.2-603(D). "While the . . . Act is to be liberally construed for the employee's benefit, that policy does not authorize the amendment, alteration or extension of its provisions beyond its obvious meaning." Gajan v. Bradlick Co., Inc., 4 Va. App. 213, 217, 355 S.E.2d 899, 902 (1987).

Based upon the commission's interpretation of Code § 65.2-603, we cannot find as a matter of law that the commission erred in refusing to consider the letter of Kolodner, a licensed professional counselor, as a "medical report" under Code § 65.2-603.

For these reasons, we affirm the commission's decision.

Affirmed.

2