IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 10, 2015 Session

## JOE MOSLEY v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission Western Division**
No. T20131559     Commissioner Nancy Miller-Herron

—————————————————

**No. W2014-01307-COA-R3-CV – Filed June 30, 2015**

—————————————————

Plaintiff, a former inmate with the Tennessee Department of Correction, filed suit in the Tennessee Claims Commission against the State of Tennessee for monetary damages. Plaintiff alleged that the State held him in custody longer than the term of his sentence and improperly applied certain sentence-reducing credits. He titled his cause of action as one for "negligent care, custody, and control" of which he asserted the Claims Commission had jurisdiction pursuant to Tennessee Code Annotated Section 9-8-307. The State filed a motion to dismiss, arguing that plaintiff's claim was one for the "negligent deprivation of statutory rights," and that the relevant statutes did not provide a private right of action. The Claims Commission granted the State's motion to dismiss. Plaintiff appealed. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J., joined.

Andrew Love, Nashville, Tennessee, for the appellant, Joe Mosley.

Herbert H. Slatery, III., Attorney General and Reporter; Andrée Blumstein, Solicitor General; Pamela S. Lorch, Senior Counsel, for the appellee, State of Tennessee.


### OPINION

## Background

This appeal involves the Tennessee Claims Commission's ("Commission") dismissal of Plaintiff/Appellant Joe Mosley's claim for wrongful incarceration based on, *inter alia*, a lack of subject matter jurisdiction. On May 29, 2013, Mr. Mosley, acting *pro se*, filed a Claim for Damages in the Division of Claims Administration against the Defendant/Appellant State of Tennessee ("the State").

Mr. Mosley had previously been an inmate in the custody of the Tennessee Department of Correction ("TDOC") after he pleaded guilty to three counts of Aggravated Sexual Battery. According to Mr. Mosley, he was initially arrested on May 7, 2002, and pleaded guilty to the offenses on November 25, 2002. He was sentenced to serve ten years in jail. He asserts that he remained incarcerated from the date of his arrest until he was released on October 4, 2012. In his Claim for Damages filed with the Division of Claims Administration, Mr. Mosley claimed that he ultimately served four months and twenty-seven days more than he was sentenced. He sought damages for enslavement, pain and suffering, wrongful incarceration, and endangerment of life. Because the Division of Claims Administration did not take action within ninety days after Mr. Mosley filed his claim, the case was transferred to the Commission pursuant to Tennessee Code Annotated Section 9-8-402(c).[1]

Mr. Mosley, now acting through counsel, subsequently filed his Complaint for Damages ("complaint") with the Commission on February 12, 2014. He listed his cause of action as "negligent[] care, custody and control of an inmate." Specifically, he alleged that the State owed him a duty to release him from incarceration at the expiration of his sentence, and the State breached this duty by failing to apply certain sentence reduction credits, including his pre-trial jail credit. Mr. Mosley asserted that the State violated at least two statutes, namely Tennessee Code Annotated Sections 40-35-501(i)(1)[2] and 40-23-101(c),[3]

---

[1] Tennessee Code Annotated Section 9-8-402(c) provides:

> The division of claims administration shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. . . . If the division fails to honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission.

[2] Tennessee Code Annotated Section 40-35-101(i)(1) provides that an inmate who committed certain enumerated offenses shall serve 100% of his sentence "less sentence credits earned and retained." The maximum percentage of credits an inmate can earn may amount to no more than 15% of his sentence.

[3] Tennessee Code Annotated Section 40-23-101(c) provides that a criminal defendant convicted of a

2

when it incarcerated him for longer than his sentence and failed to apply certain sentence-reducing credits. As such, the State ultimately retained custody of him for longer than his ten-year sentence; specifically, Mr. Mosley alleged that the State's alleged failure to properly award, calculate, and apply his sentence reduction credits resulted in Mr. Mosley serving 697 more days than he should have.[4] Mr. Mosley also alleged that, on October 3, 2012, "some agent of the [State] with decision-making authority realized [the State's] errors and ordered [Mr. Mosley] released immediately." Because of his allegedly unlawful incarceration, Mr. Mosley asserted that he suffered damages including lost wages, pain and suffering, and permanent mental and emotional injuries.

The State did not file an answer to Mr. Mosley's complaint; instead it filed a motion to dismiss on March 13, 2014. In its motion, the State argued that the Commission lacked subject matter jurisdiction over Mr. Mosley's claim. The State contended that Mr. Mosley's claim was not actually one of negligent care, custody, and control pursuant to Tennessee Code Annotated Section 9-8-307(a)(1)(E). Instead, the State asserted that Mr. Mosley's claim falls under subsection (a)(1)(N), which permits the Commission to preside over cases involving a "negligent deprivation of statutory rights" only when the claimant demonstrates that the legislature "expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions." To that end, the State argued that Mr. Mosley had not, and could not, demonstrate that a private right of action existed. Because no private right of action existed, the State argued that the Commission lacked subject matter jurisdiction to preside over the claim. In addition, the State contended that Mr. Mosley's claims also must be dismissed because he failed to pursue both a declaratory order with TDOC and a declaratory judgment action with the Davidson County Chancery Court.

Mr. Mosley responded to the State's motion to dismiss on April 1, 2014. He argued that the claim was properly cast as a claim for damages arising from the State's negligent care, custody, and control. Mr. Mosley also stated that, if the Commission was "inclined to grant the State's Motion, [he] moves the Commission to allow him 15 days to file an Amended Complaint clarifying that he is relying on the negligent failure to release after the expiration of [his] ten year sentence."

On June 9, 2014, the Commission granted the motion to dismiss, holding that the State "correctly avers that the gravamen of Claimant's complaint is for negligent deprivation of a

crime shall receive credit on his sentence for the time served in jail prior to trial pending arraignment or trial.

[4] Mr. Mosley's calculation of his time allegedly served differs between his Claim for Damages filed with the Division of Claims Administration and his Complaint for Damages filed with the Commission. The difference amounts to approximately 548 days. For purposes of this appeal, we rely on his allegations as set forth in his complaint filed with the Commission.

statutory right."[5] The Commission also found that Mr. Mosley failed to exhaust his administrative remedies before requesting relief from the Commission in failing to seek a declaratory order from the TDOC and a declaratory judgment in the Davidson County Chancery Court. Accordingly, Mr. Mosley's complaint was dismissed. He timely appealed.

## Issues

Appellant presents two issues for review, as taken from his brief:

> 1. Whether the Commission erred in its determination that it did not have jurisdiction to hear Appellant's case?

> 2. Whether the Commission erred in denying Appellant leave to file an Amended Complaint?

## Standard of Review

It is well settled that subject matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr,* 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza,* No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls,* 2011 WL 3481007, at *5 (citing *Brown v. Brown,* 281 S.W.2d 492, 497 (Tenn. 1955)). When subject matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. *Id.* (citing *Staats v. McKinnon,* 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo,* without a presumption of correctness." *Fields v. Williams*, No. W2012-01949-COA-R3CV, 2013 WL 1845450, at *1 (Tenn. Ct. App. Apr. 30, 2013) (citing *Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000)).

## Discussion

### Jurisdiction of the Claims Commission

We begin with Mr. Mosley's argument that the Commission erred in dismissing his complaint for lack of subject matter jurisdiction. Although the Commission found that the gravamen of his claim pertained to the negligent deprivation of statutory rights, Mr. Mosley points out that "[n]o provision of section 9-8-307(a)(1) specifically defines under what

---

[5] The Commission's final order notes that the State disputes Mr. Mosley's allegation that he was incarcerated by TDOC for more than ten years.

4

circumstances the state may be held liable for injuries resulting from the '[n]egligent care, custody, and control of persons.'" *See Stewart v. State*, 33 S.W.3d 785, 792 (Tenn. 2000). Additionally, because the legislature has declared its intent that the "the jurisdiction of the [C]laims [C]ommission be liberally construed to implement the remedial purposes of this legislation," Tenn. Code Ann. § 9-8-307(a)(3), Mr. Mosley contends that his cause of action may be interpreted to fall within the purview of subsection (a)(1)(E). Despite these contentions, he repeatedly alleged in his complaint that the negligence of the state officials stems from a failure to properly apply certain statutes concerning his sentence.

The Commission disagreed with Mr. Mosley's argument and found that it lacked subject matter jurisdiction over his claims. It found that the State had "correctly aver[red] that the gravamen of Plaintiff's Complaint is for negligent deprivation of a statutory right and that the Commission has no jurisdiction to hear such a claim unless the statute contains a private right of action." As to the statutes concerning sentence calculation and expiration, the Commission held that they did not confer a private right of action, therefore, depriving the Commission of subject matter jurisdiction.

It is well-established that the State of Tennessee, as a sovereign, is immune from lawsuits "'except as it consents to be sued.'" *Brewington v. Brewington*, 387 S.W.2d 777, 779 (Tenn. 1965). Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." In 1984, the Tennessee General Assembly enacted a comprehensive procedure for filing, prosecution, and disposition of monetary claims against the State. *Mullins v. State*, 320 S.W.3d 273, 278–79 (Tenn. 2010). This comprehensive statutory scheme included the formation of the Tennessee Claims Commission, which was created to hear and determine claims against the State. *Id.*; *see* Act of May 24, 2984, ch. 972, §§ 1, 5(a), 1984 Tenn. Pub. Acts 1026, 1027–28 (codified at Tenn. Code Ann. § 9-8-301(a), -305(1). As the Supreme Court opined in *Mullins*,

> The Claims Commission and its commissioners have exclusive jurisdiction to adjudicate all monetary claims against the State which fall within certain specified categories as defined by the statute. *Id.* §§ 5(a), 8(a), 1984 Tenn. Pub. Acts at 1028–30 (codified at Tenn. Code Ann. §§ 9-8-305(1), –307(a)); *Conley v. State*, 141 S.W.3d 591, 597 (Tenn. 2004); *see also* Tenn. Code Ann. § 20–13–102(a). The legislature did not remove immunity for all claims against the State, but only those claims specified in section 9–8–307(a). It follows then that the Claims Commission lacks subject matter jurisdiction and has no authority to hear any claims that fall outside the categories enumerated in section 9-8-307(a). *Stewart* [*v. State*, 33 S.W.3d 785, 790 (Tenn. 2000)].

The legislature made its intent clear in the 1985 amendment to the Act by stating: "[i]t is the intent of the general assembly that the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." Act of March 25, 1985, ch. 105, § 1, 1985 Tenn. Pub. Acts 154, 154 (codified at Tenn. Code Ann. § 9–8–307(a) (Supp. 1985)); *see also **Hembree v. State**,* 925 S.W.2d 513, 516 (Tenn. 1996). This is contrary to the general rule that statutes permitting lawsuits against the State "are in derogation of the state's inherent exemption from suit and must be strictly construed." **Beare Co. v. Olsen**, 711 S.W.2d 603, 605 (Tenn.1986); *see **State ex rel. Allen v. Cook**,* 171 Tenn. 605, 106 S.W.2d 858, 860–61 (1937).

In **Stewart**, we observed that courts should defer to the expressed intention of the legislature that a waiver of sovereign immunity be liberally construed "in cases where the statutory language legitimately admits of various interpretations," but also cautioned that

> [a] policy of liberal construction of statutes, however, only requires this Court to give "the most favorable view in support of the petitioner's claim," *Brady v. Reed,* 186 Tenn. 556, 563, 212 S.W.2d 378, 381 (1948), and such a policy "does not authorize the amendment, alteration or extension of its provisions beyond [the statute's] obvious meaning." **Pollard v. Knox County**, 886 S.W.2d 759, 760 (Tenn. 1994). Moreover, "[w]here a right of action is dependent upon the provisions of a statute . . . we are not privileged to create such a right under the guise of a liberal interpretation of it." **Hamby v. McDaniel**, 559 S.W.2d 774, 777 (Tenn.1977).

33 S.W.3d at 791 (alterations in original).

*Mullins*, 320 S.W.3d at 279. With the foregoing in mind, we turn to the text of Tennessee Code Annotated Section 9-8-307.

6

Section 9-8-307(a)(1) provides that the Commission has exclusive jurisdiction to determine all monetary claims against the State falling within several enumerated categories. Although the statute provides twenty-three enumerated categories, only two are relevant to this appeal, including:

> (E) Negligent care, custody and control of persons; [and]
>
> \* \* \*
>
> (N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision (a)(1)(N) that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions[.]

Tenn. Code Ann. § 9-8-307(a)(1). Mr. Mosley alleges that the State's actions or omissions in this case amounted to "[n]egligent care, custody and control" under subsection (a)(1)(E). Conversely, the State argues in its brief that Mr. Mosley "seeks to recast his claim as one alleging negligent care, custody and control," but that his allegations of negligence stem from the State's alleged failure to comply with certain statutory provisions related to sentence calculation.[6] Accordingly, the State contends that Mr. Mosley's claim falls squarely under subsection (a)(1)(N). We agree.

Mr. Mosley's claim is clearly predicated on the State's alleged failure to comply with certain statutes concerning the calculation of his sentence and the application of certain sentence-reducing credits. Assuming *arguendo* that the State was negligent in calculating Mr. Mosley's sentence and corresponding credits, but for the State's negligence in following the correct statutory provisions, Mr. Mosley would not have suffered any alleged damages because his sentence and credits would have been correctly calculated. Other than conclusory allegations, Mr. Mosley makes no other allegations that the care, custody, or control of the State was otherwise negligent. Prior cognizable claims involving "[n]egligent care, custody and control of persons" have involved the State's liability for physical injuries committed by individuals within the State's control or by inmates in the custody of the State. *See, e.g.,*

---

[6] In its brief, the State cites *McGowan v. State*, No. M2005-02465-COA-R3-CV, 2007 WL 2093465 (Tenn. Ct. App. July 17, 2007). *McGowan* has been designated as a Memorandum Opinion. Rule 10 of the Rules of the Court of Appeals of Tennessee states that memorandum opinions "**shall not** be cited or relied on for any reason in any unrelated case." (emphasis added).

*Stewart v. State*, 33 S.W.3d 785, 792 (Tenn. 2000) (holding that the Commission has jurisdiction over claims "where negligent control of a person by a state employee resulted in injury"); *Hembree v. State*, 925 S.W.2d 513, 518 (Tenn. 1996) (holding that the Commission had jurisdiction over a claim that an individual, who was mistakenly released from involuntary commitment, shot and killed two individuals upon release); *Cox v. State*, 844 S.W.2d 173, 176 (Tenn. Ct. App. 1992) (allowing a claim for a rape committed by an inmate out on work release). Here, there are no allegations that any person or instrumentality in the care, custody, or control of the State caused any physical injuries to Mr. Mosley; instead, the only injury alleged by Mr. Mosley concerns the State's statutory duty to release Mr. Mosley from confinement based on statutorily-defined calculations. In a similar case where the State's duty stemmed solely from a statute, this Court concluded that the claim fell within the ambit of subsection (a)(1)(N). *E.g.*, *Draper v. State*, No. E2002-02722-COA-R3-CV, 2003 WL 22092544, at *3 (Tenn. Ct. App. Sept. 4, 2003) (holding that because any duty of the state to remove a child from an abusive home was statutory, mother's claim was outside the ambit of subsection (a)(1)(E). Mr. Mosley has cited no cases where a claim involving a duty conferred solely by statute was recognized as falling within Tennessee Code Annotated Section 9-8-307(a)(1)(E). Accordingly, this claim clearly falls within a claim for "[n]egligent deprivation of statutory rights[.]" Tenn. Code Ann. § 9-8-307(a)(1)(N).

Because Mr. Mosley's claim is clearly premised on a "negligent deprivation of statutory rights" as provided in subsection (a)(1)(N), he must also demonstrate that the statutory rights he was deprived of provided for a private right of action. Here, Mr. Mosley's complaint references at least two statutes concerning release eligibility and pre-trial jail credits. In order for the Commission to properly obtain subject matter jurisdiction, these statutes must expressly confer a private right of action in Mr. Mosley's favor. *See Tate v. State*, No. W2002-00177-COA-R3-CV, 2003 WL 21026939 (Tenn. Ct. App. Apr. 14, 2003); *A'la v. State*, No. E2001-03133-COA-R3-CV, 2002 WL 1838162 (Tenn. Ct. App. Aug. 13, 2002); *Taylor v. State*, No. W2000-01467-COA-MR3-CV, 2001 WL 873470 (Tenn. Ct. App. July 31, 2001). We have reviewed the statutes referenced by Mr. Mosley and other possibly relevant statutes related to the calculation of sentence time and sentence-reducing credits; however, the statutory scheme simply does not grant a private right of action for the State's alleged negligent deprivation. *See Brewington*, 387 S.W.2d at 779 (opining that a claimant may sue the State only "as it consents to be sued.") (internal quotations omitted). Mr. Mosley's complaint was prompted by his belief that his release date was improperly calculated, a concern of great importance to a previously incarcerated individual. However, he "is couching a claim for deprivation of statutory rights as a claim of negligent care in an effort to avoid having to point to language in the statute which confers a right of action." *See Draper*, 2003 WL 22092544, at *3. A private right of action does not exist in these circumstances. Therefore, we affirm the Commission's decision to dismiss Mr. Mosley's complaint based on a lack of subject matter jurisdiction.

Any issues regarding whether Mr. Mosley was required to seek a declaratory order or declaratory judgment prior to bringing suit against the State with the Commission is pretermitted.

<u>Leave to File Amended Complaint</u>

Mr. Mosley also raises the issue of whether the trial court erred in denying him leave to file an amended complaint. In his response to the State's motion to dismiss, Mr. Mosley requested leave of court to file his amended complaint. Notably, although the State had filed a motion to dismiss, it had not filed an answer to the complaint.

Rule 15.01 of the Tennessee Rules of Civil Procedure provides, in relevant part:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Thus, a plaintiff must seek permission from the court to file an amended complaint only when a responsive pleading has been filed. It is well-settled in Tennessee that a motion to dismiss is not a responsive pleading. ***Mosby v. Colson***, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *12 (Tenn. Ct. App. Aug. 14, 2006) (citing ***Adams v. Carter County Mem'l Hosp.***, 548 S.W.2d 307, 309 (Tenn. 1977); ***Lester v. Walker***, 907 S.W.2d 812, 814 (Tenn. Ct. App. 1995); ***McBurney v. Aldrich***, 816 S.W.2d 30, 32–33 (Tenn. Ct. App. 1991)). Thus, a plaintiff who seeks to amend his complaint after a defendant has filed a motion to dismiss, but has not filed an answer, may do so without leave of court. ***Id.***

Here, the State's motion to dismiss was not a responsive pleading. Mr. Mosley was, therefore, entitled to amend his complaint without leave of court. Although Mr. Mosley was represented by an attorney at this stage of the proceedings, he simply failed to take advantage of his right to file an amended complaint. This Court functions as an "error-correcting intermediate appellate court." ***Alsip v. Johnson City Med. Ctr.***, No. E2004-00831-COA-R9-CV, 2005 WL 1536192, at *7 (Tenn. Ct. App. June 30, 2005). Because Mr. Mosley was entitled to file an amended complaint without leave of court, there is simply no error committed by the Commission that this Court can correct.

## Conclusion

For the foregoing reasons, the decision of the Tennessee Claims Commission is hereby affirmed. Costs of this appeal are taxed to the Appellant Joe Mosley. Because Mr. Mosley is proceeding *in forma pauperis* in this appeal, execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE