**FILED**
**Aug 23, 2019**
**02:48 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | |
|---|---|
| Reginald Yearby, | ) Docket No.: 2018-01-0224 |
|        Employee, | ) |
| v. | ) |
| Armstrong Relocation, | ) State File No.: 68327-2017 |
|        Employer, | ) |
| And | ) |
| Travelers, | ) Judge Audrey A. Headrick |
|        Carrier. | ) |

---

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY BENEFITS

---

The Court conducted an Expedited Hearing on August 16, 2019. The only issue is whether Mr. Yearby is likely to establish at a hearing on the merits that he is entitled to past temporary disability benefits at the maximum compensation rate of $992.20. If not, then Armstrong seeks a $22,462.01 credit for overpayment of temporary benefits. For the reasons below, the Court holds Mr. Yearby is not entitled to payment of benefits at the maximum compensation rate.

### History of Claim

In February 2019, the Court ordered Armstrong to provide Mr. Yearby with medical treatment, including surgery, from Dr. Jason Rogers for a September 14, 2017 injury. The Court denied his request for temporary disability benefits at that time.

However, following his surgery, Armstrong voluntarily paid Mr. Yearby temporary disability benefits from September 5, 2017, through May 17, 2018, at the maximum compensation rate of $992.20, a total of $36,002.69. It based its payment at the maximum rate upon Mr. Yearby's deposition testimony regarding his earnings. However, after further discovery, Armstrong obtained Mr. Yearby's tax returns and

1

discovered his taxable earnings were substantially less than the earnings he represented in his deposition testimony.[1]

Mr. Yearby's hearing testimony focused on his 2016 and 2017 tax returns. His 2016 tax return reflected gross business income of $321,900, business expenses of $290,333, and taxable income of $31,567. His 2017 tax return listed gross business income of $262,726, business expenses of $235,257, and taxable income of $27,469. Mr. Yearby testified his expenses included wages for any employees he hired, payment for workers' compensation insurance, and equipment. Although the parties disputed Mr. Yearby's correct compensation rate, no one disputed that he is entitled to temporary disability benefits from April 1, 2019, through July 23, 2019.

## Findings of Fact and Conclusions of Law

### Standard Applied

To prevail at an expedited hearing, Mr. Yearby must provide sufficient evidence to show the likelihood of prevailing at a hearing on the merits in establishing entitlement to the maximum compensation rate of $992.20 for temporary disability benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds he did not.

### Average Weekly Wage

Tennessee Code Annotated 50-6-102(3)(A) defines "average weekly wage" as "the earnings of the injured employee in the employment in which the injured employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of the injury divided by fifty-two (52)." The statute is silent regarding the method of determining an employee's average weekly wage when an employer contractually treats an independent contractor as an employee.

Here, Mr. Yearby relied upon *Am. Mut. Liability Ins. Co. v. Bradshaw*, 568 S.W.2d 97 (Tenn. 1978), regarding his entitlement to the maximum weekly compensation rate. However, the trial court in *Bradshaw* relied on a liberal construction of the Workers' Compensation Law and the material evidence standard in reaching its conclusion, and the Supreme Court affirmed it. Regardless, *Bradshaw* is distinguishable because the evidence there was speculative regarding the employee's actual expenses, and the Court used the earnings of a worker employed in the same type of work to calculate the employee's average weekly wage.

---

[1] A written contract between the parties required Mr. Yearby, an independent contractor, to pay Armstrong for workers' compensation coverage. Although Mr. Yearby is an independent contractor, the parties agreed that he is an employee for purposes of this workers' compensation claim.

2

Even under a liberal construction, the Court refused to broaden the definition of average weekly wage to include the value of fringe benefits, finding "[i]t would be inappropriate for this Court to judicially legislate what would amount to a large increase in compensation costs never contemplated by employers, carriers or the Legislature." *Pollard v. Knox Co.*, 886 S.W.2d 759, 760 (Tenn. 1994). Similarly, this Court finds it inappropriate to treat Mr. Yearby's business expenses from which he paid other employees, workers' compensation insurance, and equipment as earnings from which he realized an economic gain.

Unlike *Bradshaw*, the Court here has evidence of Mr. Yearby's expenses for the fifty-two weeks before his injury. After deducting those expenses, the Court determines that Mr. Yearby's actual earnings from which he realized an economic gain were $31,567 for 2016 and $27,469 for 2017. Using the weekly average from each of those years, (specifically, thirty-six weeks at $528.25 in 2016 and sixteen weeks at $607.06 in 2017), Mr. Yearby's average weekly wage equates to $552.50 with a resulting compensation rate of $368.35. Therefore, Mr. Yearby's request for temporary disability benefits at the maximum compensation rate from April 4, 2019, through June 26, 2019, is denied; however, he is entitled to the stipulated benefits at the rate of $368.35.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Yearby's request for temporary disability benefits at the maximum compensation rate is denied. His correct average weekly wage is $552.50 with a resulting compensation rate of $368.35 and, as stipulated by the parties, he is entitled to temporary disability benefits from April 4, 2019, through June 26, 2019. After using the correct compensation rate, Armstrong is entitled to a credit for any overpayment of past temporary disability benefits from September 5, 2017, through May 17, 2018.

2. This case is set for a Status Hearing on **Thursday, October 17, 2019, at 10:00 a.m. Eastern Time.** You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 23, 2019.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Affidavit of Reginald Yearby
2. May 29, 2019 letter signed by Dr. Jason Rogers
3. Wage Statement (For Identification Only)
4. Medical records of Dr. Rogers
5. 2016 Tax Return
6. 2017 Tax Return
7. Independent Contractor Operating Agreement

Technical record:
1. Expedited Hearing Order
2. Order Resetting Status Hearing
3. Motion for Payment of Temporary Disability Benefits
4. Order Setting Expedited Hearing
5. Request for Expedited Hearing
6. Employee's Prehearing Brief
7. Notice of Filing
8. Motion for Leave to File Late-Filed Exhibit
9. Employer's Prehearing Brief
10. Employer's Witness and Exhibit List
11. Order Granting Motion for Leave to File Late-Filed Exhibit

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on August 23, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Wilson C. von Kessler, II, Employee Attorney | | X | wvonkessler@markelfirm.com |
| Richard R. Clark, Jr., Employer Attorney | | X | rclark@eraclides.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4