IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 3, 2021


## IRENE HOWARD v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20192077-1   James Haltom, Commissioner**

———————————————————————

### No. M2020-00735-COA-R3-CV

———————————————————————


Following a car accident involving an employee of the State of Tennessee, Irene Howard ("Claimant") sought damages against the State based on alleged injuries arising from the accident.  The claim was denied by the Division of Claims and Risk Management (the "DCRM"), and Claimant thereafter appealed to the Claims Commission (the "Commission").  Because Claimant failed to appeal the DCRM's decision within ninety days, however, the Commission concluded it lacked jurisdiction over the case and dismissed the appeal.  We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed**


KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and CARMA DENNIS MCGEE, J., joined.

Henry S. Queener, Nashville, Tennessee, for the appellant, Irene Howard.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Rainey A. Lankford, Assistant Attorney General, for the appellee, State of Tennessee.


### OPINION

#### BACKGROUND

The facts of this case are largely undisputed.  On March 12, 2019, Claimant was involved in a motor vehicle accident, and the driver of the other car involved was an

employee of the State.  Claimant filed a claim for damages on March 28, 2019 with the DCRM.[1]  On June 24, 2019, the DCRM sent Claimant a letter informing her that the claim was being denied "under T.C.A. § 9-8-402," and explaining that Claimant had the "right to file [her] claim with the Claims Commission within 90 days of the date of this denial."

Claimant appealed the DCRM's decision to the Commission on December 18, 2019. Claims Commissioner James Haltom (the "Commissioner") entered an initial order governing the proceedings on January 6, 2020, and then *sua sponte* entered a show cause order on February 18, 2020.  The show cause order provided that because the DCRM issued its denial of Claimant's claim on June 24, 2019, the appeal period closed ninety days later on September 23, 2019.  Claimant was ordered by the Commissioner to show cause within thirty days of the order why her claim should not be dismissed for failure to comply with Tennessee Code Annotated section 9-8-402(c).

Claimant responded to the show cause order on March 5, 2020, arguing that because the one-year statute of limitations on her claim, *see* Tenn. Code Ann. § 28-3-104, had not yet expired, her failure to appeal the DCRM's denial within ninety days was not fatal to her case.  As pertinent, Claimant averred:

> In the present case, because Claimant's claims for injuries against the [State] are governed by a one-year statute of limitations which has not yet run, Claimant submits that dismissal under Tenn. Code Ann. § 9-8-402(c) prior to the expiration of the statute of limitations could potentially place the statutes in conflict with each other. In other words, if the Court dismisses her case pursuant to Tenn. Code Ann. § 9-8-402(c) prior to the expiration of the statute of limitations for her claim, a dismissal under the statute could conflict with her statutorily permitted time for filing claims.

In response, the State asserted that sections 28-3-104 and 9-8-402(c) do not conflict, but rather are separate requirements in pursuing a claim against the State.  According to the State, Claimant was required to not only satisfy the statute of limitations requirement but also submit a notice of appeal to the Commission within ninety days of the DCRM's denial letter.  Additionally, the State argued that because "these statutes establish procedural requirements for bringing actions against the State in derogation of the State's sovereign immunity, the court must strictly construe these statutes and find that the Claimant must satisfy" both requirements.  Because Claimant undisputedly did not satisfy the procedural requirements of section 9-8-402(c), the State urged that the Commission lacked jurisdiction over the case and that the claim should be dismissed.

The Commissioner agreed with the State and issued an order of dismissal on May

---

[1] The DCRM was formerly known as the Division of Claims Administration.

1, 2020. The Commissioner found, as relevant:

> Tennessee Code Annotated section 9-8-402(c) clearly states that an appeal must be filed within ninety (90) calendar days from the date of denial. The record shows that the [DCRM] denied the claim on June 24, 2019. The Claimant filed her [sic] on December 26, 2019, after the ninety (90) day period expired. Even though the one (1) year statute of limitations had not expired, the Claimant was also required to satisfy the statutory requirements to pursue a claim before the Claims Commission. Here, the Claimant did not timely file her Notice of Appeal within the statutory period, the Claims Commission does not have jurisdiction, and the claim must be respectfully **DISMISSED**.

(Emphasis in original).[2]

Claimant thereafter filed a timely notice of appeal to this Court.

## ISSUE

The sole issue on appeal is whether the Commissioner erred in dismissing Claimant's appeal for failure to comply with Tennessee Code Annotated section 9-8-402(c).

## STANDARD OF REVIEW

Appeals from the Commission are governed by the Tennessee Rules of Appellate Procedure. *See Bowman v. State*, 206 S.W.3d 467, 472 (Tenn. Ct. App. 2006). "Accordingly, because the [Commission] hears cases without a jury, this court reviews the Commissioner's factual findings and legal conclusions using the now familiar standard in Tenn. R. App. P. 13(d)." *Id.* As such, the Commissioner's factual findings are reviewed de novo with a presumption of correctness, unless the evidence preponderates otherwise, but the Commissioner's legal conclusions are afforded no similar presumption of correctness. *Id.* (citing *Beare Co. v. State*, 814 S.W.2d 715, 717 (Tenn. 1991); *Turner v. State*, 184 S.W.3d 701 (Tenn. Ct. App. 2005)). This case also involves issues of statutory construction. "[W]hen an issue on appeal requires statutory interpretation, we review the trial court's decision de novo with no presumption of correctness." *Nationwide Mut. Fire Ins. Co. v. Memphis Light, Gas and Water*, 578 S.W.3d 26, 30 (Tenn. Ct. App. 2018) (citing *Wade v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 469 S.W.3d 54, 58 (Tenn. Ct. App. 2015)). The polestar of statutory interpretation is the intent and purpose of the legislature in enacting the statute. *Nationwide*, 578 S.W.3d at 30. We begin by "reading

---

[2] While the Commissioner's order provides that Claimant's notice of appeal was filed on December 26, 2019, the file stamped date on the notice is December 18, 2019.

the words of the statutes using their plain and ordinary meaning in the context in which the words appear." *Id.* When the language is clear and unambiguous, we look no further than the language of the statute itself to determine its meaning. *Id.*

## DISCUSSION

"It is well-established that the State of Tennessee, as a sovereign, is immune from lawsuits 'except as it consents to be sued.'" *Mosley v. State*, 475 S.W.3d 767, 771 (Tenn. Ct. App. 2015) (quoting *Brewington v. Brewington*, 215 Tenn. 475, 387 S.W.2d 777, 779 (1965)); *see also* TENN. CONST. art. I, § 17 ("Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."); Tenn. Code Ann. § 20-13-102(a) ("No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state[.]"). Because sovereign immunity "is both constitutional and statutory, the courts lack power to amend it[;]" rather, it is "the legislature's province to waive the State's sovereign immunity." *Thomas & Assocs., Inc. v. Metro. Gov't of Nashville*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974, at *4 (Tenn. Ct. App. June 6, 2003) (citing *Jones v. L & N R.R. Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981), *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 346 (Tenn. 2002)).

"In 1984, the Tennessee General Assembly enacted a comprehensive procedure for filing, prosecution, and disposition of monetary claims against the State." *Mosley*, 475 S.W.3d at 771 (citing *Mullins v. State*, 320 S.W.3d 273–79 (Tenn. 2010)). Creation of the Commission was part of this comprehensive scheme, and pursuant to Tennessee Code Annotated section 9-8-305, the Commission "[hears] and determine[s] claims against the state falling within the categories enumerated in § 9-8-307." *Id.*; *see also* Tenn. Code Ann. § 9-8-307(a)(1) (explaining that the Commission "or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state" based on the acts of State employees, including claims arising from the "negligent operation or maintenance of any motor vehicle"). Tennessee Code Annotated section 9-8-402 provides, *inter alia*, the procedure for initiating a claim against the State. Claimants must file the initial notice of claim with the DCRM. *See* Tenn. Code Ann. § 9-8-402(a)(1) ("The claimant must give written notice of the claimant's claim to the division of claims and risk management as a condition precedent to recovery[.]"). The portion of section 402 at issue in this appeal addresses how a claimant then proceeds after he or she has filed the initial notice of claim:

> (c) The division of claims and risk management shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. **If the claim is denied, the division shall so notify the claimant and inform the claimant of the reasons therefor and of the claimant's right to file a claim with the claims commission within ninety (90) days of the date of the denial notice**. . . . If the division fails to

honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission.

*Id.* § 9-8-402(c) (emphasis added). Further, the Tennessee Claims Commission Rules addressing appeals from the DCRM to the Commission provide that "[c]laims before the Commission are commenced in the manner described in T.C.A. §§ 9-8-301 et seq. and 401 et seq. especially 402." Tenn. Comp. R. & Regs. 0310-01-01-.01(2). These rules further provide that:

> A claim proceeds from the [DCRM] to the Claims Commission after the time periods set out in T.C.A. § 9-8-402(c) by either transfer from the [DCRM] (no action required by claimant) or by filing with the Claims Commission (claimant is required to act) **within the time limit set out in T.C.A. § 9-8-402(c).**

*Id.* 0310-01-01-.01(2)(c) (emphasis added).

Accordingly, claimants may appeal to the Commission if the DCRM denies the initial claim. Here, however, Claimant failed to file her appeal to the Commission within the ninety days set out in section 9-8-402(c), and the parties dispute whether this failure is fatal to Claimant's case. The State maintains that suits against it are in derogation of common law sovereign immunity and that section 9-8-402 must be strictly construed. On the other hand, Claimant argues that section 9-8-402(c) should not be interpreted as being jurisdictional because such an interpretation conflicts with the applicable one-year statute of limitations, Tennessee Code Annotated section 28-3-104. Claimant also urges that there is no Tennessee case law to support the State's position and that the primary case relied on by the Commissioner in reaching his decision is designated "not for citation" and should not have been cited. Additionally, Claimant urges that courts are obligated to resolve cases on their merits and that public policy supports a liberal construction of section 9-8-402(c). We address each of Claimant's contentions in turn.

Construction of a statute that "places one statute in conflict with one another must be avoided[,]" and we therefore "resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws." *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995). However, we disagree with Claimant that Tennessee Code Annotated sections 9-8-402(c) and 28-3-104 conflict. As the State explains in its brief, "the two statutes work in unison." When read together, these statutes create two distinct requirements for pursuing a claim against the State: (1) the initial notice of claim must be filed in the DCRM within the applicable limitations period (in this case, within one year), and (2) if the DCRM denies the claim, the claimant has the right to appeal to the Commission within ninety days of the denial. Consequently, section 28-3-104 and section

9-8-402(c) address different junctures within a case.

Additionally, as the State avers, section 9-8-402(c) specifically applies to bringing a timely claim in the Commission, while section 28-3-104 applies to bringing a tort claim generally. Even if the statutes were in conflict, "[i]t is a common rule of statutory construction that 'specific statutory provisions control over conflicting general provisions.'" *Turner v. State*, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005) (quoting *Arnwine v. Union Cnty. Bd. of Educ.*, 120 S.W.3d 804, 809 (Tenn. 2003)). "Where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision." *Id.* (bracketing removed). Accordingly, we cannot conclude that the timeliness requirements of Tennessee Code Annotated section 9-8-402(c) are inapplicable because the Claimant was still within the limitation of time provided in section 28-3-104. Stated differently, being within the limitation of time provided by section 28-3-104 does not render the requirements of section 9-8-402(c) inapposite because the statutes provide separate, distinct requirements for bringing a claim of this type.

Second, Claimant correctly notes that in dismissing her case, the Commissioner relied on an opinion of this Court that is designated as "not for citation" pursuant to Tennessee Supreme Court Rule 4. *See McGinnis v. State*, No. W2014-02272-COA-R9-CV, 2015 WL 1955300 (Tenn. Ct. App. Apr. 30, 2015) (not for citation). Claimant argues that the Commissioner therefore had no authority for his conclusion and that this error warrants reversal. It is well-settled, however, that "if a trial court reaches the correct result, 'its judgment is entitled to affirmance irrespective of the reasons stated.'" *Sumner v. Campbell Clinic PC*, 498 S.W.3d 20, 27 (Tenn. Ct. App. 2016) (quoting *Clark v. Metro. Gov't of Nashville & Davidson Cnty.*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991)). Insofar as we agree with the ultimate result reached by the Commissioner, his reliance on *McGinnis*, albeit an error, is not reversible error in this case.[3]

Finally, Claimant urges that courts should decide cases on their merits whenever possible and that public policy therefore favors the liberal construction of section 9-8-402(c) posited by Claimant. It is true that "Tennessee law strongly favors resolution of all

---

[3] In her brief, Claimant also relies primarily on the same opinion cited by the Commissioner, as well as the accompanying dissenting opinion. Claimant argues that "given the Commissioner's dependence on it in issuing its ruling, the comparative lack of on-point case law, and the salience of [the dissent] to Claimant's argument," this case should be considered. Nonetheless, we cannot consider *McGinnis* because designation pursuant to Supreme Court Rule 4 "means that the opinion has no precedential value and is not to be cited." *Wallace v. Comm'r of Labor & Workforce Dev.*, No. M2011-00710-COA-R3-CV, 2012 WL 397506, at *3 n.3 (Tenn. Ct. App. Feb. 7, 2012) (citing Tenn. Sup. Ct. R. 4(E)(1) & (2)). Because Claimant has premised most of her brief on authority we are not permitted to consider, her brief contains little to no legal authority supporting her position. *See* Tenn. R. App. P. 27.

disputes on their merits[.]" *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996). Additionally, Tennessee Code Annotated section 9-8-307(a)(3) provides that "it is the intent of the general assembly that the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." Nonetheless, it is also well-established that lawsuits against the State may be brought only "in such a manner and in such courts as the Legislature may direct[,]" *Mosley*, 475 S.W.3d at 771 (quoting TENN. CONST. art. I, § 17), and that statutes allowing suit against the State are in derogation of the common law and must be strictly construed. *See Lucas v. State*, 141 S.W.3d 121, 124–25 (Tenn. Ct. App. 2004) ("Once the common law origin of governmental immunity is established, the long settled rule of strict construction concerning statutes in derogation of the common law places a heavy burden on the back of a plaintiff suing a sovereign in tort."). Regarding this tension, our Supreme Court has explained:

> [A]lthough we have traditionally given a strict construction to the scope of the Commission's jurisdiction, we also recognize that our primary goal in interpreting statutes is "to ascertain and give effect to the intention and purpose of the legislature." *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000) (citing *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)). If the legislature intends that its statutes waiving sovereign immunity are to "be liberally construed," then the courts should generally defer to this expressed intention in cases where the statutory language legitimately admits of various interpretations. A policy of liberal construction of statutes, however, only requires this Court to give "the most favorable view in support of the petitioner's claim," *Brady v. Reed*, 186 Tenn. 556, 563, 212 S.W.2d 378, 381 (1948), and such a policy "does not authorize the amendment, alteration or extension of its provisions beyond [the statute's] obvious meaning." *Pollard v. Knox County*, 886 S.W.2d 759, 760 (Tenn. 1994). Moreover, "[w]here a right of action is dependent upon the provisions of a statute . . . we are not privileged to create such a right under the guise of a liberal interpretation of it." *Hamby v. McDaniel*, 559 S.W.2d 774, 777 (Tenn. 1977).

*Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000).

Here, the plain language of section 9-8-402(c) provides that a claimant has ninety days from the date of the DCRM's denial to appeal to the Commission, and the pertinent administrative rules reflect that a case is properly commenced in the Commission by complying "with the time limit set out in" that section. Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(c) As we perceive it, the obvious meaning of section 9-8-402(c) is that the timeliness requirement is mandatory in order for a claim to proceed to the Commission, as any other interpretation of section 9-8-402(c) renders it a nullity. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010) ("The courts may [] presume that the General

Assembly did not intend to enact a useless statute[.]" (citing *State v. Jackson*, 60 S.W.3d 738, 742 (Tenn. 2001)). While we bear in mind the mandate to liberally construe the jurisdiction of the Commission, *see* Tenn. Code Ann. § 9-8-307(a)(3), we may not so liberally construe the jurisdiction of the Commission or section 9-8-402(c) so as to nullify a clear requirement of the statute. *Stewart*, 33 S.W.3d at 791; *see also Lucas*, 141 S.W.3d at 130 (addressing the "clash" between the strict construction rule "and the legislatively-mandated liberal construction rule established by [section] 9-8-307[,]" but noting that "there is room for neither strict construction nor liberal construction when the controlling statutory provision is clear and unambiguous"). This is especially true in light of the absence of legal authority buttressing Claimant's argument.

Claimant's right of action was dependent upon compliance with section 9-8-402(c), inasmuch as claims against the State may only proceed in such a manner as prescribed by the legislature. The legislatively-prescribed timeliness requirements of Tennessee Code Annotated section 9-8-402(c) were undisputedly not satisfied in this case. Accordingly, we conclude that the Commissioner did not err in dismissing Claimant's appeal.

## CONCLUSION

The decision of the Tennessee Claims Commission is affirmed. Costs of this appeal are assessed to the appellant, Irene Howard, for which execution may issue if necessary.

KRISTI M. DAVIS, JUDGE