# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 2, 2016

## GEORGE CAMPBELL, JR. v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 141632-II    Carol L. McCoy, Chancellor

_____

**No. M2015-01674-COA-R3-CV – Filed September 29, 2016**

_____

This is a prisoner complaint filed under the Tennessee Governmental Tort Liability Act (TGTLA) against the Tennessee Department of Correction, the Commissioner of Correction, Corrections Corporation of America, the correctional facility where the prisoner was housed, and several prison employees, seeking arrearages for unpaid wages, as well as punitive and compensatory damages. The complaint was filed in the Chancery Court of Davidson County. The trial court dismissed the prisoner's complaint because it lacked subject matter jurisdiction to hear the case. The prisoner now appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

George Campbell, Jr., Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; and Charlotte Davis, Assistant Attorney General, for the appellees, State of Tennessee Department of Correction, and Derrick D. Schofield.

James I. Pentecost and Nathan D. Tilly, Jackson, Tennessee, for the appellees, Corrections Corporation of America, South Central Correctional Facility, Warden, South Central Correctional Facility, Librarian, South Central Correctional Center, and Jobs Coordinator, South Central Correctional Center.

**OPINION**

## I. Background

The Appellant George Campbell, Jr. is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). Mr. Campbell is currently housed at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On November 20, 2014, Mr. Campbell filed his initial action as a "Complaint under Tennessee Governmental Tort Liability Act" ("TGTLA") against the TDOC, Commissioner Derrick Schofield, Corrections Corporation of America ("CCA"), SCCF, Arvil "Butch" Chapman, Wanda Spears, and Tiffany Caldwell (together, "Appellees"). Mr. Campbell's complaint, which was filed in the Davidson County Chancery Court, alleges that he is owed "back pay" for overtime he allegedly worked in the law library. According to the complaint, Appellees have denied Mr. Campbell proper payment since 2003, and he is owed arrearages in the amount of $792.00. Mr. Campbell argues that, in addition to the prison's refusal to pay the alleged arrearages, "a flood of retaliation has occurred." However, Mr. Campbell does not specify any retaliatory acts in his complaint. Mr. Campbell also prays for punitive and compensatory damages in his complaint.

On January 7, 2015, CCA, SCCF, Mr. Chapman, Ms. Spears, and Ms. Caldwell filed a joint motion to dismiss. The motion alleges that CCA and its employees never had authority to set Mr. Campbell's rate of pay or to pay Mr. Campbell's wages. Therefore, the motion argues that Mr. Campbell failed to state a claim upon which relief can be granted. On February 23, 2015, Commissioner Schofield filed a motion to dismiss, alleging that Mr. Campbell had no cause of action against him under the TGLTA. In response to these motions, Mr. Campbell filed a series of motions, the majority of which are not relevant to this appeal.

On January 20, 2015, Mr. Campbell filed a "motion for leave to file an amended complaint," in which he alleges violation of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, all of which allegedly arise from the withholding of wages. On February 5, 2015, Mr. Campbell filed a "supplemental motion to amend the original and amended complaint," in which he alleges violation of certain TDOC policies and a further violation of his Fourteenth Amendment rights, stemming from TDOC's removal of a computer from the prison library. Mr. Campbell alleges that this computer was assigned to the library to aid prisoners in accessing court documents and filing complaints and that the removal of this computer was in retaliation for Mr. Campbell's complaint against the TDOC and other prison officials. Following a hearing on all pending motions, the trial court dismissed Mr. Campbell's case by order entered on August 6, 2015. Mr. Campbell appeals.

## II. Issues

Appellant raises four issues for review, which we restate as follows:

1. Whether the trial court lacked subject matter jurisdiction.
2. Whether the chancery court properly applied the summary judgment standard under Tennessee Rules of Civil Procedure 56.
3. Whether the chancery court erred in denying Appellant's supplemental motion to amend the original and amended complaint.
4. Whether the chancery court erred in granting summary judgment.

## III. Standard of Review

At the outset, we note that the Appellees filed motions to dismiss, not motions for summary judgment as argued by Appellant. Appellate courts review a motion to dismiss on a *de novo* basis with no presumption of correctness because it is purely a question of law. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); and *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). A motion to dismiss for failure to state a claim for relief challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief. *Id.* "In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* (internal quotation marks omitted). Additionally, courts must give effect to the substance, rather than the form or terminology of a pleading. *Abshure v. Methodist Healthcare-Memphis Hosp.,* 325 S.W.3d 98, 104 (Tenn. 2010).

We recognize that Mr. Campbell is a prison inmate and is proceeding *pro se.* We are also cognizant that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Garrard v. Tenn. Dep't of Corr.,* No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations omitted). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.,* 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

## IV. Analysis

Mr. Campbell argues that the trial court erred in determining that it does not have jurisdiction to hear his claim. Subject matter jurisdiction implicates the power of a particular court to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739

(Tenn. 2004); **Meighan v. U .S. Sprint Commc'ns Co.**, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction "can only be conferred on a court by constitutional or legislative act." **Northland Ins. Co. v. State,** 33 S.W.3d 727, 729 (Tenn. 2000) (citing **Kane v. Kane,** 547 S.W.2d 559, 560 (Tenn. 1977); **Computer Shoppe, Inc. v. State,** 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). When subject matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. **Mosley v. State**, 475 S.W.3d 767, 770 (Tenn. Ct. App. 2015), *perm. app. denied* (Tenn. Nov. 24, 2015)(internal citations omitted). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." **Earls v. Mendoza**, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011) (citing **Brown v. Brown**, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955)). Therefore, unless the trial court had subject matter jurisdiction, it was without authority to adjudicate Mr. Campbell's complaint.

The State of Tennessee, as a sovereign, is immune from lawsuits "except as it consents to be sued." **Mosley**, 475 S.W.3d at 772 (quoting **Brewington v. Brewington**, 387 S.W.2d 777, 779 (Tenn. 1965)). Article I, section 17 of the Tennessee Constitution provides that lawsuits may only be brought against the State "in such manner and in such courts as the Legislature may by law direct." In 1984, the Tennessee legislature enacted a procedure for filing, prosecution, and disposition of monetary claims against the State. **Mullins v. State**, 320 S.W.3d 273, 278-79 (Tenn. 2010). This comprehensive statutory scheme included the formation of the Tennessee Claims Commission, which was created to hear and determine claims against the State. *Id.*; *see* Act of May 24, 2984, ch. 972, §§ 1, 5(a), 1984 Tenn. Pub. Acts 1026, 1027-28 (codified at Tenn. Code Ann. § 9-8-301(a), -305(1)). With regard to the Claims Commission, Tennessee Code Annotated Section 9-8-307(a)(1) reads in pertinent part:

> (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees". . . .

Tenn. Code Ann. § 9-8-307(a)(1).

The trial court's order entered on August 6, 2015 details Mr. Campbell's various motions, including his motion for leave to file an amended complaint and his supplemental motion to amend the original and amended complaint. All of the causes of action set out in Mr. Campbell's motion for leave to file an amended complaint focus on his claim that he has been deprived wages. Thus, the trial court found that:

> even though Rule 15.01 of the Tennessee Rules of Civil Procedure provides that leave to amend pleading "shall be freely given when justice so requires," the court finds that his claim is improperly filed in chancery court and should

have been filed with the Tennessee Claims Commission, which is the proper forum to determine what relief, if any, may be warranted.

In his supplemental motion to amend the original and amended complaint, Mr. Campbell requests that he be allowed to amend his complaint to add allegations of intentional wrongdoing on the part of CCA staff. In denying this motion, the trial court "notes that [Mr. Campbell] has not taken the initial steps to pursue a grievance or to seek an administrative remedy." Additionally, in denying the motion, the trial court relies on the fact that the original complaint seeks money damages against the state for wages allegedly owed Mr. Campbell.

Ultimately, the trial court found that it "does not have jurisdiction over Mr. Campbell's claim for monetary damage against the state," and dismissed his claim. In applying the plain language of Tennessee Code Annotated 9-8-307(a)(1), the trial court was correct in its determination that it does not have subject matter jurisdiction to hear Mr. Campbell's complaint. . In light of this holding, we affirm the trial court's dismissal of the complaint and pretermit discussion of Mr. Campbell's remaining issues.

## V.    Conclusion

For the foregoing reasons, we affirm the trial court's order of dismissal. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, George Campbell, Jr.. Because Mr. Campbell is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE