# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 11, 2020 Session

## JANET LYNNETTE MCCORMICK v. DONNY JOE MCCORMICK

**Appeal from the Chancery Court for Henderson County**
**No. 23552     James F. Butler, Chancellor**

———————————————————

### No. W2019-00647-COA-R3-CV

———————————————————

Wife appeals the trial court's judgment, arguing that the trial court erred in treating an obligation contained in the parties' marital dissolution agreement as an alimony obligation rather than a division of marital debt that was extinguished upon the foreclosure of the subject property. In the alternative, Wife contends that the trial court erred in not further reducing or eliminating her alimony obligation. We conclude that Wife waived her arguments concerning the proper classification of this obligation as a marital debt by not raising this argument in the trial court. As to the trial court's decision regarding modification of Wife's alimony, we vacate the trial court's ruling and remand for an order fully compliant with Rule 52.01 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; and Vacated in Part**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Donald Capparella and Kimberly Macdonald, Nashville, Tennessee, for the appellant, Janet Lynnette McCormick.

Jack S. Hinson and Samuel W. Hinson, Lexington, Tennessee, for the appellee, Donny Joe McCormick.

## OPINION

### I.     BACKGROUND

Plaintiff/Appellant Janet Lynnette McCormick ("Wife") and Defendant/Appellee Donny Joe McCormick ("Husband") were divorced in 2012. Pursuant to the marital dissolution agreement ("MDA") entered into by the parties at the time of divorce, Wife was required to

pay alimony to Husband on the following terms: Wife shall pay to Husband, directly, in advance, as alimony in futuro: the monthly mortgage payment, real estate taxes, and homeowner's insurance on the property located at 8680 Highway 100, Scotts Hill, Henderson County, Tennessee. All payments shall be paid in a timely manner. Any penalty or interest incurred due to late or delinquent payment shall be the sole responsibility of Wife.

Wife was also ordered to assume the indebtedness of all the marital property, including the marital home, as well as any Internal Revenue Service ("IRS") debts.

On September 13, 2017, Husband filed a petition for contempt against Wife in the Henderson County Chancery Court ("the trial court"). Therein, Husband alleged that Wife was earning $116,000.00 per year, but that she had never paid any alimony payments as required by the above provision, resulting in an approximately $66,000.00 arrearage. As such, Husband asked that Wife be held in contempt and that he be awarded attorney's fees.

On November 13, 2017, Wife filed an answer admitting that she had been ordered to pay the mortgage under the MDA but denying that an arrearage existed. A few months later, on February 20, 2018, Wife filed a petition seeking a modification of what she characterized as "alimony in solido." Therein, Wife alleged that at the time of the divorce, she was earning approximately $400,000.00, while her income had undisputedly decreased to only $116,000.00. Wife further noted that she was solely responsible for the parties' debts and the expenses related to the minor children. Moreover, Wife averred that the property for which she was ordered to pay the mortgage was being foreclosed on and that Husband's expenses had reduced. As such, Wife submitted that a substantial and material change in circumstances occurred to either terminate or substantially reduce her alimony obligation. In the conclusion of her petition, Wife specifically asked the trial court to "modif[y] the existing alimony in futuro obligation set out" in the parties' MDA and that she be awarded attorney's fees.

Husband answered the petition on March 14, 2018. Therein, Husband admitted that the property had been foreclosed but alleged that he had acquired substitute housing that was below the marital standard of living and that he needed the alimony to secure proper housing.

A hearing on the pending petitions occurred on October 18, 2018. According to a later filed Statement of the Evidence, the parties agreed following the divorce that Wife would pay the mortgage and expenses directly, rather than to Husband. Husband was awarded a life estate in the property. Eventually, however, Wife fell behind on the payments and filed bankruptcy; Husband filed no claim against Wife in the bankruptcy

action. According to Husband, however, the bankruptcy action was dismissed. Eventually, the home was foreclosed. Husband left the property on February 23, 2018. Wife testified that at the time of the divorce she was earning approximately $400,000.00 per year, but that she suffered a nearly $300,000.00 reduction in income following the divorce. Wife also owed approximately $180,000.00, plus a penalty, to the IRS, which debt Wife testified she had not been able to service since 2017.

Around the time of the divorce, Husband suffered a stroke and became disabled. His only income was $1,466.00 per month in disability benefits. At the time of trial, Husband was living in a mobile home in which he did not pay rent. Following the hearing, on October 24, 2018, Husband filed his affidavit of income and expenses indicating a deficit of $931.00 per month. On November 13, 2018, Wife filed an affidavit of income and expenses demonstrating a monthly deficit of $45.46.

The trial court issued a letter opinion on or about January 25, 2019. A written order incorporating the trial court's letter ruling was entered on March 21, 2019. Therein, the trial court ruled that the MDA imposed an alimony in futuro obligation on Wife, that Wife was in contempt for non-payment, and that Husband was entitled to attorney's fees. The trial court then noted that the parties stipulated that the amount due originally under MDA was $1,623.33 per month. After considering both parties income and expenses, the trial court reduced Husband's expenses by $88.00 and Wife's by $822.00, finding that Wife's credit card expenses were "probably" duplicative of other claimed expenses. Based on these expenses, the trial court found that Wife had the ability to pay $771.54 per month and Husband had a need of $843.00 per month. The trial court therefore awarded Husband alimony of $700.00 per month, plus $200.00 per month in arrearages. Finally, the trial court awarded Husband $3,500.00 in attorney's fees.

Wife thereafter timely appealed to this Court. On June 12, 2019, Wife submitted a Statement of the Evidence. No objection was lodged as to this statement, and it was approved by virtue of the trial court's silence. *See* Tenn. R. App. P. 24(f) (stating that when the trial court does not act "as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee . . . the transcript or statement of the evidence . . . shall be deemed to have been approved except in cases where such approval did not occur by reason of the death or inability to act of the judge").

## II.   ISSUES PRESENTED

Wife raises the following issues in this appeal, which are taken from her brief:[1]

1. Whether the trial court erred as a matter of law in interpreting the parties' marital dissolution agreement as containing an alimony award

---

[1] Wife was represented by different counsel in the trial court than on appeal.

when (1) the marital home payments labeled as "alimony in futuro"—consisting of the mortgage, property taxes, and home insurance—do not satisfy any form of alimony recognized in Tennessee; (2) federal tax law precludes the classification of the marital home payments as alimony because the payments were not "to" or "on behalf of" the recipient spouse; and (3) the marital home payments represent the assignment of a debt?

2. Whether the trial court erred as a matter of law in modifying the debt of the marital home payments when (1) the bank previously foreclosed on the marital home; (2) Tennessee law does not permit a property assignment to be later modified; and (3) any "modification" of the debt assignment would result in a new alimony obligation created approximately seven years after the entry of the final divorce decree?

3. In the alternative, whether the trial court abused its discretion by failing to apply the required statutory analysis under Tenn. Code Ann. § 36-5-121(i) and arbitrarily applying the facts to the law, resulting in an alimony obligation beyond the means of the payor spouse?

## III. DISCUSSION

### A.

Wife raises several issues in this case concerning the trial court's ruling that the obligation contained in the MDA was alimony in futuro rather than a property division. In particular, Wife argues that the trial court erred in classifying the mortgage payments due under the MDA as alimony, as the payments do not fit squarely within any of the four recognized types of alimony and the label given to the payments under the MDA is not dispositive. Wife further contends that the trial court erred in failing to consider federal tax law and other federal precedent in ruling that this obligation constituted alimony rather than an allocation of marital debt. According to Wife, when Wife's obligation is considered through the proper lens, it is clear that her obligation to pay for the mortgage on the marital home extinguished when the home was foreclosed. Finally, Wife asserts that the trial court erred in awarding Husband alimony of $700.00 per month when the MDA contained no alimony obligation that could be modified.

Husband counters that these arguments were never raised in the trial court and are therefore waived on appeal. Rule 13(b) of the Tennessee Rules of Appellate Procedure provides that appellate "[r]eview generally will extend only to those issues presented for review." Based on this rule, the Tennessee Supreme Court very recently reiterated that "'[a]ppellate review generally is limited to issues that a party properly preserves for review by raising the issues in the trial court and on appeal.'" *State v. Vance*, No. M2017-01037-SC-R11-CD, --- S.W.3d ---, 2020 WL 896735, at *17 (Tenn. Feb. 25, 2020) (quoting *State v. Minor*, 546 S.W.3d 59, 65 (Tenn. 2018) (citing Tenn. R. App. P.

13(b)). As such, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal[.]" *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Thus, both "issues and arguments not raised or asserted in the trial court may not be raised for the first time on appeal." *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 915 (Tenn. Ct. App. 2014) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006)); *see also* *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010) ("It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court."). Accordingly, issues raised in this manner are waived. *Fowler v. City of Memphis*, 514 S.W.3d 732, 743 (Tenn. Ct. App. 2016).

Although we agree that Husband, as the party invoking waiver, has the burden to show its application, we must conclude that this burden is met in this case. *See* *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). Here, the technical record consists of a slim forty-one pages. The only pleadings or written documents filed by Wife prior to trial were her answer to the contempt petition, her petition to "modify alimony in solido," and her affidavit of income and expenses. Nowhere in any of these filings does Wife make any argument even remotely raising the contention that the mortgage payments obligation contained in the MDA constitutes a division of marital property or debt, rather than an award of alimony. Instead, Wife's pleadings treat this issue as a modifiable type of alimony. A periodic payment that constitutes a division of marital property is, of course, nonmodifiable. *See* *Towner v. Towner*, 858 S.W.2d 888, 892 (Tenn. 1993) (holding that a periodic payment was a division of marital property and therefore not subject to modification).[2] Moreover, Wife's Statement of the Evidence does not indicate that this argument was raised orally during the hearing on the pending petitions.

This is more than simply failing to place the correct label on Wife's argument. *Cf.* *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001) (holding that using the incorrect label does not result in waiver when the contents of the argument were properly made in the trial court). Here, Wife never asked the trial court to interpret the obligation in the MDA as a division of marital property; rather, she herself asserted all along that it constituted a type of alimony and that it was subject to modification based on changed circumstances. Moreover, the record that Wife has presented to this Court gives no indication that Wife presented any federal law to the trial court or asked the trial court to interpret the MDA pursuant to federal tax law.

Unfortunately for Wife, this situation involves the convergence of two well-settled principles of Tennessee jurisprudence. First, it is not the court's duty to research or

---

[2] Wife characterized the alimony as in solido in her request for modification. Alimony in solido is also not subject to modification. *See* *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001) (holding that unlike alimony in solido, alimony in futuro is subject to modification). The trial court, however, found that the modification of alimony request was proper because the alimony constituted an alimony in futuro obligation, which Husband has not raised as an error on appeal.

construct an argument for a litigant. *See **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Second, this Court "functions as an error-correcting intermediate appellate court." ***Mosley v. State***, 475 S.W.3d 767, 774 (Tenn. Ct. App. 2015) (citation omitted). As such, our purpose is generally to correct errors committed by the trial court. *Id.* ("Because Mr. Mosley was entitled to file an amended complaint without leave of court, there is simply no error committed by the Commission that this Court can correct."). Here, Wife simply did not seek an interpretation of the MDA obligation as a division of marital debt rather than an award of alimony; in fact, Wife did not ask the trial court to interpret the MDA at all. Thus, the trial court was under no duty "fill in the gaps" of Wife's argument by construing her actual request to modify alimony as in fact a request to interpret the obligation as an allocation of marital debt. ***Brooks v. Bd. of Prof'l Responsibility***, 578 S.W.3d 421, 431 (Tenn. 2019) (Lee, J., concurring in part and not joining in part) ("A party, not the Court, should identify the issues and provide adequate legal authority and argument. When a party fails to do so, it is not the Court's role to step in and fill in the gaps.") (citation omitted); *cf.* ***Vance***, 2020 WL 896735, at *18 ("A trial court cannot evaluate an objection that is not made."). Nor was the trial court required to research the impact of federal law on Wife's illusory request. And having not been presented with any proper request to interpret the MDA in this manner, we cannot assign error to the trial court's failure to do so. Wife's arguments that the trial court failed to interpret her payments under the MDA as obligations related to the division of marital property, under both Tennessee and federal law, are therefore waived.

As a final attempt to save this argument, Wife asks this Court to exercise our discretion to consider Wife's arguments notwithstanding her waiver. Under Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court may exercise its discretion to consider issues not properly raised by the parties in order to prevent needless litigation, prevent injury to the interests of the public, and to prevent prejudice to the judicial process. *See also* Tenn. R. App. P. 2 (allowing the suspension of the rules of appellate procedure upon a showing of good cause). Here, the issue involves a private obligation agreed to by two parties, both of whom were represented in the trial court. As such, neither the interests of justice nor prejudice to the judicial process is implicated. Wife contends, however, that resolution of her issue now would prevent needless future litigation.

Use of Rule 13(b) to consider previously waived issues is rare. *See **Bell v. Todd***, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005); ***In re C.R.B.***, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *3 (Tenn. Ct. App. Nov. 13, 2003). As such, we have been directed to exercise our discretion under Rule 13(b) "sparingly." ***State v. Bledsoe***, 226 S.W.3d 349, 354 (Tenn. 2007) (citing Tenn. R. App. P. 13(b) advisory comm'n cmt).

Here, while future litigation to modify Wife's alimony obligation may occur, nothing in the record indicates that future litigation as to the interpretation of the MDA is certain or would be appropriate. Under these circumstances, we decline to invoke Rule 13(b) to allow Wife to raise previously unlitigated arguments in this court simply because future proceedings on this issue have the possibility to occur. The trial court's decision to treat Wife's obligation in the MDA as alimony is therefore affirmed.[3]

**B.**

Wife raises an alternative argument in this case: that the trial court abused its discretion when it modified Wife's alimony by not further reducing the alimony award or eliminating it entirely. To modify an alimony award, there must be a substantial and material change in circumstances. Tenn. Code Ann. § 36-5-121(a). As we have explained,

> The party seeking modification bears the burden of proving that a substantial and material change in circumstances has occurred. *Freeman v. Freeman*, 147 S.W.3d 234, 239 (Tenn. Ct. App. 2003) (citing *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990)). Once a substantial and material change in circumstances has been established, the trial court is under no duty to modify the award; the party seeking modification must demonstrate that a modification is warranted. *Bogan* [*v. Bogan*], 60 S.W.3d [721,] 730 [(Tenn. 2001)]. In "assessing the appropriate amount of modification, if any, in the obligor's support payments, the trial court should consider the factors contained in" Tennessee Code Annotated § 36-5-121(i) "to the extent that they may be relevant to the inquiry." *Id.* (citing *Seal*, 802 S.W.2d at 620; *Threadgill v. Threadgill*, 740 S.W.2d 419, 422–23 (Tenn. Ct. App. 1987)).

*Wiser v. Wiser*, 339 S.W.3d 1, 12 (Tenn. Ct. App. 2010) (footnote omitted). As such, "modification of a spousal support award is 'factually driven and calls for a careful balancing of numerous factors.'" *Id.* at 727 (quoting *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989)). The trial court's decision on whether to modify spousal support is therefore not disturbed on appeal in the absence of an abuse of discretion. *Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999).

The trial court in this case found a substantial and material change in circumstances justifying a modification of alimony. Neither party appears to take issue with that finding. Wife does take issue with the trial court's finding that she had the ability to pay $700.00 per month in support. In particular, Wife points to the trial court's

---

[3] We therefore express no opinion as to the appropriate classification of the subject obligation had this issue been properly raised in the trial court.

rather minimal findings concerning her expenses. Husband counters that the alimony award was proper because the trial court properly considered the most important factor: his need for alimony. On this point, we must agree with Wife.

As an initial matter, we note that while the need of the disadvantaged spouse is often the single most important factor in an initial alimony award, this is not the case in the context of a modification of alimony. Rather, our supreme court has explained:

> When addressing an initial award of support, the need of the spouse must necessarily be the most important factor to consider, because alimony is primarily intended to provide some minimal level of financial support for a needy spouse. *See Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn. Ct. App. 1984). Nevertheless, when deciding whether to modify a support award, the need of the receiving spouse cannot be the single-most dominant factor, as a substantial and material change in circumstances demands respect for other considerations. While the need of the receiving spouse remains an important consideration in modification cases, the ability of the obligor to provide support must be given at least equal consideration.

*Bogan*, 60 S.W.3d at 730.

Here, the parties apparently submitted their affidavits of income and expenses to the trial court as late-filed exhibits. Wife's affidavit shows income of $7,489.03 and expenses of $7,534.49, leaving a monthly deficit of $45.46. The trial court accepted Wife's stated income but reduced her expenses to $6,712.49, a reduction of $822.00 per month. This calculation left Wife with a surplus of $776.54 from which to pay alimony. In support of this reduction, the trial court made the following findings:

> The Court realizes that the Court has modified each parties' Financial Affidavit in order to find their reasonable expenses. The Court further is aware that the Wife has a minor child that she supports fully without assistance from the Husband and that those expenses are included in her budget. The Court further finds that at least some of the credit card expense claimed by Wife would probably be for items charged that are also in the Financial Affidavit list of expenses. Therefore, the Court reduced that expense by 50%.

The trial court made no further finding concerning its reduction of Wife's reasonable expenses.

Respectfully, the trial court's findings as to its reduction of Wife's reasonable expenses are deficient. Rule 52.01 of the Tennessee Rules of Civil Procedure requires that trial courts make findings of fact and conclusions of law to support their rulings

following bench trials. Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions or law and direct the entry of the appropriate judgment."). Rule 52.01 "is 'not a mere technicality.'" ***Babcock v. Babcock***, No. E2014-01670-COA-R3-CV, No. E2014-01672-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015) (quoting ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). No bright-line test exists to determine whether factual findings are sufficient, but the findings of fact must include as many facts as necessary to express how the trial court reached its ultimate conclusion on each factual issue. ***Lovlace v. Copley***, 418 S.W.3d 1, 35 (Tenn. 2013) (citing 9C Charles A. Wright et al., *Federal Practice and Procedure* § 2571, at 328 (3d ed. 2005)) "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." ***In re M.E.W.***, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004).

In this case, the only specific reduction mentioned by the trial court is that Wife's credit card expenses "probably" contain some expenses that had previously been counted as other expenses. As such, the trial court reduced this expense by 50%. According to Wife's affidavit of income and expenses, Wife's credit card expenses total $600.00 per month. Reducing this expense by 50%, or $300.00, therefore results in only a surplus of $254.54, well below the $776.54 surplus found by the trial court. A $254.54 monthly surplus, however, is not sufficient to pay the $700.00 per month in alimony ordered by the trial court.[4] There is no further explanation for the trial court's calculations to illuminate how the trial court reached its decision regarding Wife's ability to pay. The trial court's findings as to Husband's income likewise contain no specificity as to which expenses the trial accepted as reasonable and which it rejected. Finally, the trial court's order does not appear to take into consideration any of the other relevant factors under section 36-5-121(i). *See **Wiser v. Wiser***, 339 S.W.3d at 12 (quoting ***Bogan***, 60 S.W.3d at 730). Under these circumstances, to review the trial court's ruling, we would be "forced to guess at the rational the trial court used in arriving at its decision. This we cannot do." ***Harthun v. Edens***, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *5 (Tenn. Ct. App. Mar. 17, 2016). We must therefore conclude that the trial court failed to comply with Rule 52.01 in deciding whether and to what extent Wife's alimony obligation should be modified.

When a trial court fails to make the necessary findings of fact and conclusions of law, the appropriate remedy is typically to vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law. *See **Grissom v. Grissom***, 586 S.W.3d 387, 396 (Tenn. Ct. App. 2019) (citing ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 312 (Tenn. 2014)) (discussing the various remedies

---

[4] When the $200.00 arrearage payment is factored in, the $700.00 per month alimony obligation is increased to $900.00 per month.

that are available in this situation but noting that vacating the trial court's judgment is most in line with the Tennessee Supreme Court's directive that orders are the products of trial courts' independent judgment); *see also* **Lake v. Haynes**, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011) (explaining that the Court of Appeals may proceed to consider the merits of a dispute when "the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable"). Because the trial court failed to comply with Rule 52.01, we vacate the trial court's order and remand this matter for the trial court to make specific findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01.

We note that Wife also takes issue with the totality of the trial court's findings as to the parties' income and expenses, given that the financial affidavits were submitted following trial, leaving the parties without an opportunity to cross-examine each other regarding the claimed expenses. From our review of the sparse record on appeal, it does not appear that either party objected to this practice. *See* Tenn. R. App. P. 36(b) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). On remand, however, the trial court may reopen the proof as to alimony in its discretion.

## IV. CONCLUSION

The judgment of the Henderson County Chancery Court is affirmed in part and vacated in part. Costs of this appeal are taxed one-half to Appellant Janet Lynnette McCormick and one-half to Appellee Donny Joe McCormick, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE